UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

Zenith Group LLC d/b/a Create Abundance,
Fang Miao

      Petitioners-Plaintiff

vs.

CTV News, Canadian Broadcasting
Corporation, Vancouver Sun

      Respondents-Defendants.
_____/

CIVIL ACTION NO.: 1:23-cv-10262

# COMPLAINT

Petitioner-Plaintiff Zenith Group LLC d/b/a Create Abundance and Fang Miao (hereinafter, "Plaintiffs") by and through their undersigned counsel, sue Respondents-Defendants, CTV News, Canadian Broadcasting Corporation, and the Vancouver Sun (hereinafter, collectively, "Defendants").

## INTRODUCTION

1. This cause is brought to sue the Defendants on grounds of defamation.

## PARTIES

2. Plaintiff Zenith Group LLC d/b/a Create Abundance ("Zenith Group") is a limited liability company that is incorporated in both Canada and Lynnfield, Massachusetts, United States.

3. Plaintiff Fang Miao ("Fang") is an individual residing in Lynnfield, Massachusetts, United States.

4. Defendant CTV News ("CTV") is a news organization headquartered in Toronto, Ontario, Canada, and has a mailing address of Suite 500, 969 Robson Street, Vancouver, British Columbia, Canada, V6Z 1X5.

5. Defendant Canadian Broadcasting Corporation ("CBC") is a news broadcasting group headquartered in Ottawa, Ontario, Canada. It has a mailing address of 700 Hamilton Street, Vancouver, B.C., V6B 4A2.

6. Defendant Vancouver Sun is a newspaper headquartered in Vancouver, British Columbia, Canada. It has a mailing address of 400 – 2985 Virtual Way, Vancouver, British Columbia, Canada, V5M 4X7.

## JURISDICTION

7. Statutory Jurisdiction: This Honorable Court has jurisdiction over this matter based on the diversity of citizenship. Under 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1)citizens of different States." Under 28 U.S.C. § 1332(c), a corporation shall be "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

8. This Court also has supplemental jurisdiction for state law claims. 28 U.S.C § 1367 specifies, "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

9. This Court may also have personal jurisdiction over the Defendants under Rule 4 of the Federal Rules of Civil Procedure. Rule 4(k)(1)(A) mentions serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. All Defendants are different citizens of another state (Canada) from the Plaintiffs (Massachusetts), and the amount sought ($75,000+) is sufficient for the amount in controversy, making all Defendants subject to the jurisdiction of the District of Massachusetts.

## VENUE

10. Venue lies in this District, the United States District Court for the District of Massachusetts, under 28 U.S. Code § 1391(b)(2), which specifies, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." A substantial part of the events giving rise to this claim occurred in Massachusetts because the offending conduct was directed to the Plaintiffs in Massachusetts and the Plaintiffs subsequently incurred injury.

## FACTUAL ALLEGATIONS

11. Zenith Group is a limited liability company incorporated in Massachusetts on March 24, 2021, and goes by the name Create Abundance.

12. Plaintiff Fang Miao's Zenith Group business is also registered in Canada.

13. On June 24, 2020, CBC, with Bethany Lindsay as its listed author, wrote an article about a personal coaching organization incorporated in Canada that went by the name of "Create Abundance" or "Golden Touch." **See Exhibit A.**

14. CBC's article alleged that this organization, with international ties, faced criminal allegations (i.e., fraud, pyramid scheme) in China.

15. CBC's article on this organization is situated in the context of a homicide victim Bo Fan, who is alleged to be associated with this organization.

16. CBC's article does not clarify that the Plaintiffs are not associated with this organization.

17. That same day, CTV ran a similar article, authored by Penny Daflos, concerning this organization. **See Exhibit B.**

18. CTV elaborated that Bo Fan was last seen in Surrey, British Columbia, Canada, with one home behind police tape in the hours after her death.

19. CTV stated vehicles were beginning with "GT" (referring to Golden Touch) located on the property.

20. CTV mentioned that Create Abundance/Golden Touch was marketing itself to the Chinese community in Metro Vancouver.

21. CTV brought up that a Ming Pao Chinese-language newspaper published in Vancouver wrote that this organization came under scrutiny from Chinese officials for allegedly being part of a multi-level marketing scheme.

22. CTV likewise did not add a disclaimer that the Plaintiffs do not have any relationship with this organization.

23. On June 25, 2020, the Vancouver Sun ran a similar article, authored by Joanne Lee-Young, describing an association between Bo Fan and Create Abundance/Golden Touch. **See Exhibit C.**

24. The Vancouver Sun mentioned that this organization offered classes and special events to people in British Columbia and had an address in Surrey.

25. The Vancouver Sun mentioned that its British Columbia address was likewise only a two-minute walk from where Fan was last seen.

26. The newspaper interviewed neighbors who were concerned about the Surrey residence and another affiliated house on the block not addressed by police, bylaw officers, or the government.

27. The newspaper corroborated that neighbors would see luxury cars near the Surrey residence along with tour buses, with neighbors complaining about noise and alleged illegal use by a business in a residential area.

28. The newspaper did not stipulate that the Plaintiffs are not associated with this organization.

29. As a result of the Defendants' actions, Plaintiffs have sustained damages of over $75,000, including harm to reputation, lost income past and future, lost profits, lost clientele, and other forms of harm.

## CAUSE OF ACTION

### Count I – Defamation by All Defendants

30. Plaintiffs incorporate paragraphs 1 through 29 as fully stated in this Count.

31. Defamation is the publication, either orally or in writing, of a statement concerning the Plaintiff which is false and causes damage to the Plaintiff. The defamatory statement

must hold the Plaintiff up to contempt, hatred, scorn, or ridicule or tend to impair his standing in the community, at least to his discredit in the minds of a considerable and respectable class in the community. The statement must be to at least one other individual other than the one defamed. The statement must be false. Some false statements may be defamatory per-se if they claim that a person or organization has committed a crime, has an infectious disease, lacks professional integrity or competence (prejudicing the Plaintiff's profession or business), or engaged in improper sexual conduct. The statement also must be unprivileged. The statement must be conducted with the fault of at least negligence on the part of the defendants, outside the bounds of how a normal person in their shoes would act in a similar scenario. If it concerns a private person or issue, the statement need only be communicated or disseminated with ordinary negligence.

32. Defendants repeatedly asserted that Plaintiffs committed or have a history of committing crimes (specifically fraud) and speculated that their business is associated with the murder of an individual. Defendants did not limit its statements purely to Canada, but also outside to the United States because it characterized Plaintiffs as having international connections. Defendants wrote such statements in articles for its viewership, reaching tens to millions of people. These statements have discredited the Plaintiffs' standing in the community, both in Canada and in Massachusetts. These statements are false because the Plaintiffs do not possess a criminal history. The statements have also prejudiced the Plaintiffs' business standing, as clientele view the Plaintiffs' business as unsavory, untrustworthy, and dangerous. Because the Plaintiffs are a private business, and Defendants did not put disclaimers in their articles that Create Abundance/Golden Touch is not entirely tied to criminal activity, Defendants made defamatory statements with a

degree of ordinary negligence. A reasonable person or organization in the Defendants' position would clarify that their articles narrowly pertain to a very specific organization, but not broadly enough such that Plaintiffs' business suffered a stigma. There exists no privilege for the statements because Defendants must inform their readers that not every business with the Create Abundance / Golden Touch name is subject to scrutiny.

33. As a result, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial.

## RELIEF REQUESTED

Wherefore, the Plaintiffs respectfully request that this Court:

a. Order a permanent injunction against the Defendants for publishing the defamatory statements;

b. In the alternative, order the Defendants to modify their articles to accurately reflect the Plaintiffs' lack of involvement in criminal activities;

c. Order the Defendants to compensate the Plaintiff for compensatory damages of $100,000;

d. Order the Defendants to pay incidental and consequential damages;

e. Order the Defendants to pay for nominal damages;

f. Order the Defendants to pay for reasonable attorneys' fees and costs of suit;

g. Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted, this 31st day of January 2023

/s/ Christopher P. Walsh
Christopher P. Walsh, Esq.
BBO #: 707843
Blumsack and Canzano, P.C.
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 857-990-9060
Email: contact@mybostonlawfirm.com