UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZENITH GROUP LLC and FANG MIAO, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil No. 23-10262-LTS <br> ) |
| CTV NEWS, CANADIAN BROADCASTING CORPORATION, and VANCOUVER SUN, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

ORDER ON PLAINTIFFS' REQUEST FOR
CLARIFICATION CONCERNING SERVICE
OF PROCESS; IN ALTERNATIVE, REQUEST
FOR CLERK TO MAIL SUMMONS AND COMPLAINT
TO DEFENDANTS INDIVIDUALLY WITH SIGNED RECEIPT (DOC. NO. 4)

April 10, 2023

SOROKIN, J.

Previously, the Court directed Plaintiffs to file a statement clarifying the citizenship of Plaintiff Zenith Group LLC for purposes of diversity jurisdiction. Doc. No. 5. Plaintiffs complied with that request in a signed affidavit stating that Zenith Group LLC is a corporation (apparently despite the "LLC" in its name) and that it is incorporated in and has its principal place of business in Massachusetts. Doc. No. 6. The information provided to the Court to date in the aforementioned affidavit and the Complaint asserts that Plaintiffs are both citizens of Massachusetts, Defendants are all citizens of Canada, and the amount in controversy exceeds $75,000. See id.; Doc. No. 1 at 1-2, 7. Accordingly, the Court finds that Plaintiffs have met their burden at this stage to establish that the Court has subject matter jurisdiction over the action, here

based on diversity of citizenship under 28 U.S.C. § 1332(a)(2). Defendants may, of course, challenge the basis for subject matter jurisdiction at any time during the course of this litigation.

Plaintiffs have also filed a request concerning service of process. Doc. No. 4. Insofar as Plaintiffs request general advice on how to accomplish service, the Court declines to render an advisory opinion. Plaintiffs also request, in the alternative, that the Court Clerk mail the summons and complaint to each defendant with a requirement of a signed receipt. Doc. No. 4 at 1, 3. The requirements for proper service of process in this case are set by Federal Rule of Civil Procedure 4 and the Hague Service Convention, to which both the United States and Canada are parties. Plaintiffs are responsible for completing timely service of the summons and complaint. Fed. R. Civ. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(f) and (h)(2), unless federal law provides otherwise, a person or corporation may be served at a place not located within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1); see also Fed. R. Civ. P. 4(h)(2). Additionally, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," an individual or corporation may be served by "using any form of mail that the clerk addresses and sends to the individual [or corporation] and that requires a signed receipt," as long as the foreign country's law does not prohibit that method and the method is reasonably calculated to give notice. Fed. R. Civ. P. 4(f)(2)(C)(ii), 4(h)(2).

Article 10(a) of the Hague Service Convention "encompasses" service by mail, but "this does not mean that the Convention affirmatively *authorizes* service by mail." Water Splash, Inc. v. Menon, 581 U.S. 271, 284 (2017) (emphasis in original). "In cases governed by the Hague

2

Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." Id. (citing Brockmeyer v. May, 383 F.3d 798, 803–04 (9th Cir. 2004)). Here, Canada has not objected to service by mail. See Canada – Central Authority & practical information, Hague Conference on Private International Law – Conférence de La Haye de droit international privé, https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=248 (last visited April 7, 2023) (indicating that Canada does not object to Article 10(a) of the Hague Service Convention). Under the second condition, the "otherwise-applicable law" here is Federal Rule of Civil Procedure 4, and Rule 4(f)(2)(C)(ii) affirmatively authorizes service by mail. See, e.g., Srirachas LLC v. Nekzai, No. 8:21-CV-1203-CEH-AAS, 2022 WL 1711762, at *2 (M.D. Fla. May 27, 2022); Atl. Recording Corp. v. Iconic Holdings Ltd., No. CV 22-8602-MWF, 2022 WL 19076672, at *1 (C.D. Cal. Dec. 16, 2022). The Court finds that service to Defendants via international mail by the Court Clerk at the address Plaintiffs have provided for each, see Doc. No. 4-1, is a method that is reasonably calculated to give Defendants notice of the action. See Atl. Recording Corp., 2022 WL 19076672, at *1.

Accordingly, the Court ALLOWS the request for mail service by the Clerk of the Court and orders the following:

1. The Clerk of the Court shall serve Defendants CTV News, Canadian Broadcasting Corporation, and Vancouver Sun by sending, via international mail, return receipt requested, one copy of each of the following documents to each defendant: (1) the Complaint (Doc. No. 1); (2) the respective summons (Doc. No. 4-3); (3) the civil cover sheet; (4) this Order; and (5) a cover letter provided by Plaintiffs.

2. Plaintiffs' counsel shall confer with the Clerk and ensure that the Clerk promptly receives all necessary materials to effect service, such as the necessary pre-paid materials and the necessary pre-addressed materials, including cover letters for the Clerk to send to each defendant.

3. Once service has been effected, Plaintiffs must promptly file proof of service in accordance with Federal Rule of Civil Procedure 4(l)(2)(B).

This Order is without prejudice to Defendants challenging service of process if they appear.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge