UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZENITH GROUP LLC and FANG MIAO,<br><br>Plaintiffs,<br><br>v.<br><br>CTV NEWS, CANADIAN BROADCASTING CORPORATION, and VANCOUVER SUN,<br><br>Defendants. | Case No. 1:23-cv-10262-LTS |

**DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(6)**

Defendants Bell Media Inc. (incorrectly named as "CTV News," which is not a legal entity), Canadian Broadcasting Corporation ("CBC"), and Postmedia Network Inc. (incorrectly named as "Vancouver Sun," which is also not a legal entity) (collectively, "Defendants") move the Court to dismiss the Complaint, filed by Plaintiffs Zenith Group LLC d/b/a Create Abundance and Fang Miao (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over Defendant CBC.

As grounds for this Motion, Defendants submit the accompanying Memorandum of Law and further state as follows:

1.      Plaintiffs' defamation lawsuit cannot be maintained as a matter of law: they have sued Defendants for publishing articles containing allegedly defamatory statements about Plaintiff Zenith Group LLC, which apparently goes by "Create Abundance," even though the entity was

formed almost one year after the statements were published. This fact gives rise to several legal errors.

2. First, the statements are not "of and concerning" Zenith Group/Create Abundance because they could not reasonably have been interpreted as referring to an entity that did not exist at the time. *See New Eng. Tractor-Trailer Training of Conn., Inc. v. Globe Newspaper, Co.*, 480 N.E.2d 1005, 1007 (Mass. 1985). Nor are the statements "of and concerning" Plaintiff Fang Miao because the articles do not mention him at all and cannot be deemed "of and concerning" him simply because they discuss an entity called "Create Abundance." *See, e.g.*, *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1089–90 (D.C. Cir. 2007). That a statement be "of and concerning" the plaintiff is a fundamental element of defamation. Plaintiffs' defamation claim should be dismissed for this reason alone.

3. Second, Defendants could not have been negligent for failing to clarify that their articles were not about Zenith Group/Create Abundance because the entity did not exist when Defendants published their articles. *See Johnson v. Allen*, No. 22-CV-10907-DJC, 2022 WL 16823008, at *4 (D. Mass. Nov. 8, 2022). Plaintiffs' claim thus also fails on the fault element of defamation.

4. Third, the Court lacks personal jurisdiction over all Defendants because none of the Canadian-based Defendants have "affiliations with the State [that] are so 'continuous and systematic' as to render them essentially at home in the forum State,'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014), and Plaintiffs' claim does not arise out of any of the Defendants' purposeful activity in Massachusetts, *see Mullane v. Breaking Media, Inc.*, Civ. No. 18-12618-PBS, 2019 WL 5588961, at *10 (D. Mass. Aug. 13, 2019) (online article that mentions Massachusetts plaintiff insufficient to establish personal jurisdiction).

5.       Finally, the Complaint should be dismissed as to Defendant CBC for the additional reason that the CBC is subject to sovereign immunity. *See* 28 U.S.C. §§ 1602 *et seq.*; *Bryks v. Canadian Broadcasting Corp.*, 906 F. Supp. 204, 206–07 (S.D.N.Y. 1995) ("As a 'foreign state' under Section 1604 of the FSIA, the CBC is immune from liability for damages unless one of several enumerated exceptions to the general rule of immunity applies.").

6.       For all of the above reasons, and for the reasons further stated in the accompanying Memorandum of Law, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice.

Dated:  April 28, 2023

Respectfully submitted,
/s/ *Rachel F. Strom*
Rachel F. Strom (BBO #666319)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
rachelstrom@dwt.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on April 24, 2023, I, Rachel F. Strom, counsel for Defendants, conferred with Christopher P. Walsh, counsel for Plaintiffs, in a good faith attempt to narrow or resolve the issues addressed in this motion.

/s/ *Rachel F. Strom*
Rachel F. Strom

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Rachel F. Strom*
Rachel F. Strom

Dated: April 28, 2023